UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMON L. GREEN,<br><br>Defendant. | Case Nos.  6:25-mj-00020-HBK<br>                  6:25-mj-00021-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO EARLY TERMINATE SUPERVISED PROBATION<br><br>(Docs. 11, 10) |

Pending before the court is defendant's motions to early terminate supervised probation filed January 16, 2026 in two above cases.  The government did not file an opposition nor seek an extension of time to file an opposition, and the time for doing so has expired.  E.D. Cal. Local Rule 430.1(f).  For the reasons set forth below, the court grants the motion.

**BACKGROUND**

On July 1, 2025, Mr. Green was sentenced in the following two cases:

Case No. 6:25-mj-00020-HBK; Count 2: 36 C.F.R. § 2.34(a)(1), Makes Noise That Is Unreasonable, Considering The Nature and Purpose of the Actor's Conduct, Location, Time of Day or Night; and Count 3: 36 C.F.R. § 2.34(a)(2), Uses Language, an Utterance, or Gesture, or Engages In a Display or Act That Is Obscene, Physically Threatening or Menacing.  The Court sentenced Mr. Green to 9 months supervised probation; $20 special assessment fee; and mandatory drug testing.

Case No. 6:25-mj-00021-HBK; Count 2: 36 C.F.R. § 2.35(c); Presence in Park While Under the Influence of Alcohol/Controlled Substance to a Degree That May Endanger Self or Others.   The Court sentenced Mr. Green to 9 months supervised probation; $10 special assessment fee; and mandatory drug testing.

As a special condition, *inter alia*, the Court required Mr. Green to participate in an inpatient substance abuse/alcohol abuse treatment program and follow the rules and regulations of that program, for a period of up to 90 days, and up to 10 additional days for substance abuse detoxification services if deemed necessary.  On September 14, 2025,[1] Mr. Green successfully completed in-patient substance abuse treatment at WestCare and transitioned into a sober living home where he currently resides.  Mr. Green paid his special assessments and has had negative random drug tests.

**APPLICABLE LAW AND ANALYSIS**

Title 18 of the United States Code Section 3564(c) grants this court the power to terminate a term of probation at any time in the case of a misdemeanor, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c), provided the court is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. 18 U.S.C. § 3564(c). Courts are instructed to consider the factors set forth in Section 3553(a)[2] to determine whether to grant early termination. *Id*., § 3564(c);  *United States v. Aguilar*, No. 1:19-CR-00224-BLW, 2024 WL 357024, at *1 (D. Idaho Jan. 31, 2024).  Whether to early terminate supervised release

---

[1] On June 12, 2025, Defendant pled guilty in the above cases but his release was delayed until June 16, 2025 when he was transported directly to WestCare.  (*See* Case No. 6:25-mj-00020-HBK, Doc. 6).

[2] The § 3553 factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1)-(a)(7).

similarly requires the Court to consider these same two prongs and the § 3553 factors. *See* §3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* Thus, caselaw addressing early termination of supervised release is instructive in determining whether early termination of probation is proper. "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether grant early termination." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (citations omitted). The Ninth Circuit has expressly rejected "the proposition that early termination is reserved for cases of exceptionally good behavior." *Id.*, 22 F.4th at 1047.

Mr. Green is supervised by U.S. Probation Officer Christian Rivera from the Eastern District of California. Mr. Green has remained in compliance with the terms of his probation. U.S. Probation has advised the Court that "they do not oppose" early termination of probation.

While the Court recognizes that compliance with the terms of probation is to be expected, this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Here, Mr. Green has completed 7 months of the 9 months of supervised probation, with three months of in-patient treatment. Further, Mr. Green was arrested in Case No. 6:25-mj-00021-HBK on July 11, 2025, entered his guilty pleas on June 12, 2025, but remained temporarily detained until his release to Pretrial Services for transport to WestCare. According to a December 31, 2025 Probation Review Hearing Memorandum from U.S. Probation, Mr. Green has complied with all terms of his probation and has had no violations during his probationary term. Further, U.S. Probation confirms they have no objection to Mr. Green's early termination of probation. The government has lodged no opposition to early termination.

After considering all the factors outlined in 18 U.S.C. §§ 3553(a)(1) and the current conduct of Mr. Green, the Court finds early termination of supervised probation is warranted and is in the interest of justice under the circumstances.

3

Accordingly, it is hereby ORDERED:

1. Defendant's respective motions for early termination of supervised probation (Docs. 11, 10) are GRANTED.

2. Defendant's term of supervised probation is terminated as of the date of this Order.

3. The Clerk shall provide a copy of this Order to U.S. Probation.

4. The Clerk shall CLOSE this case and vacate any further hearings or deadlines.


Dated:    February 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4